**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4970**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SERGIO MEDINA-PAREDES,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:07-cr-00273-HMH)

———————————

Submitted:  July 2, 2008                Decided:  July 30, 2008

———————————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina; Max B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Medina Paredes pled guilty without a plea agreement to unlawful reentry into the United States by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2) (2000), and was sentenced to forty-six months in prison. Medina Paredes timely appealed. Medina Paredes' attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court fully complied with Fed. R. Crim. P. 11 at the guilty plea hearing and whether the district court abused its discretion by imposing an unreasonable sentence. The Government did not file a reply brief. Medina Paredes was advised of his right to file a pro se supplemental brief, and but has not done so. Finding no reversible error, we affirm.

Medina Paredes suggests that the district court erred by not fully complying with Fed. R. Crim P. 11 at the guilty plea hearing. Contrary to this assertion, the district court meticulously followed Rule 11 to ensure that Medina Paredes fully understood the significance of his guilty plea and that the plea was knowing and voluntary. Medina Paredes stated that he was of sound mind and was not under the influence of drugs or alcohol, and the court found him competent to enter a plea. Medina Paredes had discussed the charges and consulted with his attorney and was satisfied with the services rendered. The court explained the

charges against him and that he was subject to a maximum sentence of up to twenty years in prison, and Medina Paredes stated that he understood the elements of the charges and the possible penalties. Medina Paredes also agreed that by pleading guilty, he was admitting he was indeed guilty of the charges against him, waived any substantive defenses and objections to any defects in the proceedings, and relinquished his right to a jury trial. He agreed that no one forced him to plead guilty or promised him a particular sentence. Medina Paredes also agreed that his sentence would be determined after the presentence report was completed, acknowledged that the guidelines were advisory, and that the judge could sentence him to a punishment more or less severe than the guidelines range. Counsel summarized the facts in the case, and Medina Paredes agreed that they were true and he was indeed guilty. The court found Medina Paredes' plea was knowing and voluntary, and accepted the plea of guilty. In light of this record, we find the district court fully complied with the mandate of Rule 11.

Medina Paredes next suggests that the forty-six-month term imposed by the district court was unreasonable. We disagree. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in

conjunction with other relevant factors under the guidelines and § 3553(a). <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). The court must give both parties "an opportunity to argue for whatever sentence they deem appropriate," and the district judge "may not presume that the Guidelines range is reasonable." <u>Gall</u>, 128 S. Ct. at 596-97. Instead, the court must make an "individualized assessment based on the facts presented." <u>Id.</u> at 597. This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see Rita v. United States</u>, 127 S. Ct. 2456, 2462, 2465 (2007) (permitting appellate courts to afford a presumption of reasonableness to a within-Guidelines sentence).

Here, the district court sentenced Medina Paredes post-<u>Booker</u> and appropriately treated the guidelines as advisory. The court sentenced Medina Paredes after considering the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. The parties were permitted to argue for the sentences they desired; however, Medina Paredes lodged no objections to the PSR or the application of the advisory guidelines. Medina Paredes' forty-six-month sentence is at the bottom of the advisory guidelines range of

46 to 57 months and well below the twenty-year statutory maximum sentence authorized by 8 U.S.C. § 1362(b)(2)(2000).

Neither Medina Paredes nor the record suggests any information to rebut the presumption that his sentence was reasonable. We therefore conclude that the sentence was eminently reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Medina Paredes's conviction and sentence. This court requires that counsel inform Medina Paredes, in writing, of the right to petition the Supreme Court of the United States for further review. If Medina Paredes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Medina Paredes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>